UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| GARY BRANNON HALCOMB,      )<br>                                                      )<br>   Plaintiff,                                      )<br>                                                      )<br>v.                                                   )<br>                                                      )<br>CAROLYN W. COLVIN, *Acting*      )<br>*Commissioner of Social Security*,        )<br>                                                      )<br>   Defendant.                                 )<br>                                                      ) | No. 6:14-CV-160-HAI<br><br>MEMORANDUM OPINION & ORDER |

*** *** *** ***

    Plaintiff, Gary Brannon Halcomb, brings this action pursuant to 42 U.S.C §§ 405(g) and 1383(c) to obtain judicial review of an administrative decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI"). The parties each filed a notice of consent to the referral of this matter to a magistrate judge. D.E. 15; D.E. 16. Accordingly, this matter was referred to the undersigned to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. D.E. 17. The Court, having reviewed the record and for the reasons stated herein, **DENIES** Plaintiff's motion for summary judgment (D.E. 12) and **GRANTS** the Commissioner's motion for summary judgment (D.E. 13).

### I.  FACTUAL BACKGROUND

    Plaintiff protectively filed an application for supplemental security income on November 14, 2011, alleging disability beginning on January 15, 2008. D.E. 9-3 at 9. The claim was denied initially on February 23, 2012, and upon reconsideration on May 2, 2012. At the Plaintiff's request, an administrative hearing was conducted before Administrative Law Judge Todd Spangler (ALJ) on March 6, 2013. *Id.* at 30-57. Plaintiff was thirty years old on the

1

alleged onset date. D.E. 9-4 at 30. He had past relevant work as the sole proprietor of an automobile collision repair shop, but was not working at the time of the hearing. D.E. 9-3 at 34. Plaintiff had at least a high school education and communicated in English. *Id.* at 18. During the hearing, the ALJ heard testimony from Plaintiff and impartial vocational expert Julian M. Nadolsky (VE). *Id.* at 30.

Plaintiff filed two prior applications in both 2008 and 2010 which were denied. *See* D.E. 9-3 at 61; D.E. 9-4 at 7. The most recent of these claims was denied by decision dated July 6, 2011. D.E. 9-4 at 7-20. The claim was denied review by the Appeals Council and the decision was subsequently affirmed on review by a federal court. *Halcomb v. Social Security Administration*, 6:11-CV-332-HRW (E.D. Ky. 2011).

In evaluating a claim of disability, an ALJ conducts a five-step analysis. *See* 20 C.F.R. §§ 404.1520, 416.920.[1] First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R.

---

[1] The Sixth Circuit summarized this process in *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469 (6th Cir. 2003):

> To determine if a claimant is disabled within the meaning of the Act, the ALJ employs a five-step inquiry defined in 20 C.F.R. § 404.1520. Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work, but at step five of the inquiry, which is the focus of this case, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile.

*Id.* at 474 (internal citations omitted).

Part 404, Subpart P, Appendix 1, she is disabled.  20 C.F.R. § 404.1520(d).  Before the fourth step is conducted, the ALJ must determine the claimant's residual functional capacity, which calculates her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments.  20 C.F.R. § 404.1520(e).  Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled.  20 C.F.R. § 404.1520(f).  Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled.  20 C.F.R. § 404.1520(g).

Additionally, for the purposes of eligibility for supplemental security income, a claimant is not considered disabled "if alcoholism or drug addiction would…be a contributing factor material to" the determination that the claimant is disabled.  42. U.S.C. § 1382c(a)(3)(J).  Thus, in cases where substance abuse is of record, the pertinent inquiry is which limitations would remain absent substance abuse.  *See* 20 C.F.R. § 416.935(b)(1) (The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.").

In this case, at Step 1, the ALJ found that Plaintiff has not engaged in substantial gainful activity since November 14, 2011 (the date of the instant application).  D.E. 9-3 at 12.  At Step 2, the ALJ found that the Plaintiff had the following severe impairments imposing more than minimal work-related limitations: "anxiety disorder, panic disorder, depressive disorder, history of alcohol abuse/dependence in early remission by report, and anxiolytic abuse."  *Id.*  The ALJ further found that Plaintiff's complaints of joint and muscle pain/arthritis caused no more than minimal work related limitations and thus were "non-severe."  *Id.*  At Step 3, the ALJ found that

3

Plaintiff's impairments or combination of impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I. *Id.* at 17. The ALJ found, when including the substance abuse disorders, Plaintiff had a residual functional capacity to perform a full range of work at all levels of exertion but with marked ability to relate to coworkers, deal with the public, deal with work stresses, relate predictably in social situations, and demonstrate reliability. *Id.* at 18. At Step 4, the ALJ found that when including the substance abuse disorders, Plaintiff could not perform past relevant work. *Id.* at 18-19.[2] At Step Five, the ALJ found that, based on the VE's testimony and Plaintiff's age, education, work experience, and residual functional capacity, including the substance abuse disorders, there are no jobs that exist in significant numbers in the national economy that the claimant can perform. *Id.* at 19. Therefore, when including the substance abuse disorders, the ALJ found the Plaintiff to be disabled. *Id.*

Pursuant to 20 C.F.R. § 416.935, the ALJ then evaluated whether Plaintiff's substance abuse disorders are a contributing factor material to this disability finding. *Id.* Without the substance abuse, the ALJ found that Plaintiff would continue to have a severe impairment or combination of impairments. *Id.* Next, without the substance abuse, the ALJ found Plaintiff would not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I. *Id.* The ALJ then determined that without the substance abuse, Plaintiff would have a residual functional capacity to perform work at all levels of exertion except he would be limited to 1, 2, and 3 step

---

[2] The Court notes that the ALJ did not explicitly find that Plaintiff could not perform his past relevant work. However, the ALJ went on to find in Step 5, when including substance abuse disorders, there are no jobs that exist in significant numbers in the national economy that the Plaintiff can perform. This implies that the ALJ found Plaintiff could not perform past relevant work at Step 4. Therefore, to remand is not necessary because this error would not have an effect on the outcome of the case. *See NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n. 6 (1969) (Court's are not required to "convert judicial review of agency action into a ping-pong game" when "remand would be an idle and useless formality."). Moreover, the Plaintiff fails to raise this argument and the Court "will not formulate arguments on the parties' behalf." *See* D.E. 11 at 3.

instructions in an object focused non-public setting, with no more than occasional changes in the work setting or routine. *Id.* at 21. Further, Plaintiff would be limited to no high-speed production work involving quotas, with direct and non-confrontational supervision. *Id.* Based on this residual functional capacity, without the substance abuse, the ALJ determined that there would be a significant number of jobs in the national economy that Plaintiff could perform, thus finding he was not disabled. *Id.* at 22-23. The Appeals Council declined to review the ALJ's decision on May 27, 2014, and Plaintiff now seeks judicial review in this Court.

## II. DISCUSSION

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

In determining the existence of substantial evidence, courts must examine the record as a whole. *Id.* (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). However, courts are not to conduct a *de novo* review, resolve

conflicts in evidence, or make credibility determinations. *Id.* (citations omitted); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988). Rather, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999); *see also Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983); *Mullen*, 800 F.2d at 545.

Plaintiff has previously applied for disability benefits. Plaintiff's June 2, 2010 application for disability insurance benefits was denied by a decision of an ALJ on July 6, 2011. D.E. 9-4 at 7-20. In that decision, the ALJ found that Plaintiff's severe impairments were alcohol dependency, alcohol induced mood disorder, panic disorder with agoraphobia, rule out social disorder, and generalized arthritis. *Id.* at 10. The ALJ further found that if Plaintiff stopped the substance abuse, he would have the residual functional capacity to perform medium work limited to simple, 1-2 step tasks that are object focused in a non-public work setting and no more than occasional changes in the work setting or routine. *Id.* at 15-16. Additionally, the ALJ found that Plaintiff was limited to jobs that would not involve high end quotas, and he must have direct and non-confrontational supervision. *Id.* at 16. Based on Plaintiff's age, education, work experience, and his residual functional capacity without substance abuse, the ALJ found there would be a significant number of jobs in the national economy that Plaintiff could perform. *Id.* at 19. The appeals council denied Plaintiff's request for review, and the decision was subsequently affirmed on review by a federal court. *Halcomb v. Social Security Administration*, 6:11-CV-332-HRW (E.D. Ky. 2011). Therefore, it became the final and binding decision of the Commissioner.

Thereafter, on November 14, 2011, Plaintiff filed this application for supplemental security income, initially alleging an onset disability date of January 15, 2008. D.E. 9-4 at 30. Sixth Circuit precedent holds that, absent evidence of an improvement in Plaintiff's condition, a subsequent ALJ is bound by the findings of the previous ALJ. *Drummond v. Commissioner of Social Security*, 126 F.3d 837, 842 (6th Cir. 1997). Thus, the ALJ in the current case was bound by the findings in the July 6, 2011 decision, absent a showing of an improvement in Plaintiff's condition. In the case at bar, the ALJ's decision contained three differences from the previous ALJ's decision. First, in the the current case, the ALJ deviated from the prior decision by finding that Plaintiff did not have the severe impairment of generalized arthritis. D.E. 9-3 at 12. Thus, in the present case, the ALJ's RFC contained no exertional limitations (as opposed to finding medium work limitations). *Id.* at 21. Second, in the current case, the ALJ added the additional severe impairment of anxiolytic abuse. *Id.* at 12. Finally, the ALJ's RFC differed from the prior RFC in that it provided that Plaintiff would be "limited to 1,2,3 step instructions[.]" *Id.* at 21. The previous RFC provided that Plaintiff would be limited to "1-2 step tasks." D.E. 9-4 at 16.

### 1. The ALJ's Decision is Supported by Substantial Evidence

Plaintiff's first argument is that the ALJ's decision that he was not disabled is not supported by substantial evidence. D.E. 12-1 at 7. Plaintiff alleges that the objective medical evidence "unequivocally documents that the Plaintiff has several severe conditions which are disabling." *Id.* Plaintiff references the opinions of three evaluators in the record and concludes that the "ALJ simply chose to ignore the [Plaintiff's] own testimony and that of all the psychological evidence to make the determination that his condition would improve with the

alcohol use." *Id.* at 8.  The Commissioner asserts that Plaintiff's arguments fail to address the basis for the ALJ's decision, anxiolytic abuse, thus they are without merit.  D.E. 13 at 4.

At no point in this argument does Plaintiff reference the prior denials of Plaintiff's disability applications.  *See* D.E. 12-1 at 7-8.  The ALJ was bound by the previous findings of disability, absent evidence of an improvement in Plaintiff's condition.  *See Drummond v. Commissioner of Social Security*, 126 F.3d 837, 842 (6th Cir. 1997).  A comparison of the current ALJ's decision to previous decisions illustrates several differences.  However, Plaintiff does not argue that these departures warrant any relief and therefore the Court does not consider them.  *See Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006) (declining to formulate arguments on claimant's behalf);  D.E. 11 at 3 ("The Court will consider only the arguments listed and will not formulate arguments on the parties' behalf.")

Here, Plaintiff's primary argument is that there is not substantial evidence to support the ALJ's finding that he would not be disabled if he stopped alcohol abuse.  Plaintiff points out that he testified that he had been sober since February 2012, and that "his psychological problems have not improved with his cessation of drinking."  D.E. 12-1 at 8.  He asserts that the records from Cumberland River Comprehensive Care Center demonstrate that, even with the self-reported cessation of alcohol consumption, his problems have not improved.  *Id.*  Moreover, he argues that Spangler's February 11, 2013 evaluation assessed him with depression and panic disorders, general anxiety disorder, alcohol abuse in full remission, and average intelligence.  *Id.*

Plaintiff does not argue, as the Commissioner correctly points out, that the ALJ's finding of anxiolytic abuse and its effect on Plaintiff's disability is not supported by substantial evidence. Rather, Plaintiff only focuses on the alcohol abuse issues.  The ALJ's decision did not rest solely on Plaintiff's alcohol use, but also rested significantly on his anxiolytic abuse.  *See* D.E. 9-3 at

12; *id.* at 21 ("If the claimant stopped the substance abuse…").  Therefore, Plaintiff has failed to address what effect, if any, removing the anxiolytic medication abuse from this determination would have.  However, the Court reviews the findings of the ALJ regarding substance abuse, both as to alcohol and prescription medication, to determine if it is supported by substantial evidence in the record.

The ALJ's finding that if the Plaintiff stopped the substance use he would not be disabled is supported by substantial evidence in the record.  First, throughout the record there is abundant evidence of Plaintiffs abuse of alcohol and other substances.  *See* D.E. 10-2 at 200 (Plaintiff reporting "he took 7 or 8 [Valium] a day, rather than the prescribed two" and that "he gets additional pills from others, in order to sustain his higher than prescribed use.").  Further, Dr. Wright diagnosed Defendant with "[s]edative, hypnotic, or [a]nxiolytic addiction, with physiological dependence."  D.E. 10-3 at 2.

Second, there is substantial evidence that these substance abuse issues were the cause of some of Defendant's impairments.  To evaluate the effect that substance abuse has on a claimant's disability, the ALJ is permitted "to look at claimant's periods of sobriety and compare those periods to times when the claimant was abusing substances."  *Monateri v. Commissioner of Soc. Sec.*, 436 F. App'x 434, 443 (6th Cir. 2011).  Plaintiff's January 24, 2012 evaluation with Dr. Wright was prior to his self-reported cessation of substance abuse.  Dr. Wright found that Plaintiff's "ability to sustain concentration and persistence is good when not using, but likely impaired when under the influence." D.E. 10-3 at 3.  Moreover, she noted that Plaintiff would not be able to manage his own funds if awarded disability because of his substance addiction issues.  *Id.*  Overall, Dr. Wright assigned a Global Assessment of Functioning Scale score of 52

9

which indicates moderate symptoms and moderate difficulty in social, occupational, or school functioning. *Id.*; D.E. 9-3 at 12.

Plaintiff was evaluated by psychologist Robert Spangler after Plaintiff's self-reported date of sobriety. D.E. 10-3 at 103. Spangler found Plaintiff to be alert, oriented times four, and with adequate recall of remote and recent events. *Id.* at 104. Plaintiff "attended well while on specific tasks" and was cooperative, compliant and forthcoming. *Id.* Spangler found his social skills to be adequate and that "he related well." *Id.* at 105. Moreover, Spangler assessed Plaintiff with an average range of intelligence. *Id.*

During the period in which Plaintiff indicated he ceased all alcohol use, Plaintiff was also seeking treatment at Cumberland River Comprehensive Care Center. A December 2012 report indicates that Plaintiff reported that he has days when he thinks he can go back to work. *Id.* at 47. Plaintiff reported that he was doing good on his medications in October 2012. *Id.* at 51. Further, various reports from Cumberland River indicate that Plaintiff appeared neat and had good hygiene, was alert and reliable, had clear and coherent thought, recent and remote memory, and was reliable and honest. *See, e.g., id.* at 47, 55, 65.

This evidence provides a substantial basis to support the ALJ's decision. Moreover, none of Plaintiff's arguments require a different finding. According to Plaintiff, Spangler's assessment of Plaintiff's ability to do work was ignored by the ALJ in formulating his opinion. D.E. 12-1 at 8. However, the ALJ gave less weight to the opinion of Spangler than other evaluators. D.E. 9-3 at 22. Moreover, Plaintiff references his visits to Cumberland River, yet fails to cite to any specific finding or report in the record that supports his conclusory claim that the facility found his "condition has deteriorated." The Court will not search the vast record for

any evidence that might support Plaintiff's claim. *See Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006).

Plaintiff also asserts that the ALJ "simply chose to ignore [Plaintiff's] own testimony[.]" D.E. 12-1 at 8. In determining whether a claimant is disabled, the Commissioner considers statements or reports from the claimant. 20 C.F.R. § 404.1529(a). To determine whether statements of a claimant are credible, the following two-part test is used:

> First, the ALJ will ask whether there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms. Second, if the ALJ finds that such an impairment exists, then he must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities.

*Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007) (citing 20 C.F.R. § 416.929(a)). In 20 C.F.R. § 404.1529, the Social Security Administration informs claimants that, in certain credibility determinations, the following factors should guide the analysis of the agency decision makers:

> (i) Your daily activities; (ii) The location, duration, frequency, and intensity of your pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms; (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms; (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3); *see also Felisky v. Bowen*, 35 F.3d 1027, 1037-38 (6th Cir. 1994). Importantly, it is within the province of the ALJ, rather than the reviewing court, to evaluate the credibility of claimant. *Rogers*, 486 F.3d at 247 (citing *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 531 (6th Cir. 1997); *Crum v. Sullivan*, 921 F.2d 644 (6th Cir. 1990); *Kirk v. Sec'y of Health & Human Servs.,* 667 F.2d 524, 538 (6th Cir. 1981)). Even so, the credibility determinations of the ALJ must be reasonable and supported by substantial evidence. *Id*. at 249.

Here, the ALJ cited the correct test and found "[i]f the [Plaintiff] stopped the substance use, I find that the [Plaintiff's] medically determinable impairments could reasonably be expected to produce the alleged symptoms[.]" D.E. 9-3 at 21. However, the ALJ found that the Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment[.]" *Id.* Plaintiff does not argue any specific reason why the ALJ's decision to discredit Plaintiff's statements was not reasonable or supported by substantial evidence.

The ALJ stated multiple reasons for discrediting the subjective claims of the Plaintiff. First, the ALJ found that Plaintiff complained of extreme anxiety and panic attacks occurring six or seven times a day, yet he is prescribed appropriate medication at the appropriate dosing to manage the symptoms. *Id.* Moreover, the ALJ noted that the record indicates Plaintiff "has had a good response to Cymbalta, reporting less depression and anxiety when seen on March 29, 2012[.]" *Id.* at 22. Second, the ALJ pointed out that the Plaintiff indicated to Cumberland River Comprehensive Care Center that he had initiated care "based predominately on his desire to have documentation to add to his disability claim." *Id.* at 21.

The ALJ also found that the Plaintiff's credibility was questionable as it related to substance abuse. He stated that, although Plaintiff stated beginning in February 2012 he had stopped using alcohol and had limited his use of anxiolytics to only as prescribed, the ALJ had difficulty accepting these claims because Plaintiff "has had little to no formal substance abuse treatment or involvement in rehab specific" to his substance abuse issues. *Id.*

Finally, the ALJ found his alleged limitations were not credible due to ambiguity and inconsistency. *Id.* The ALJ noted that Plaintiff has admitted that he performs household chores and yard work. *Id.* Further, the ALJ found that Plaintiff "alleges the inability to even leave the

house but in function reports, he stated he goes shopping independently once a month." *Id.* It is clear from the ALJ's decision and the record as a whole, that the ALJ's credibility determination with respect to the Plaintiff's statements was reasonable and supported by substantial evidence.

Therefore, there is substantial evidence in the record to support the ALJ's finding that if the Plaintiff stopped the substance use he would not be disabled.

### 2. Plaintiff has not Established that the ALJ's Hypothetical Posed to the Vocational Expert was Improper

Plaintiff's next argument is that the hypothetical that the ALJ posed to the vocational expert was improper. D.E. 12-1 at 9. The ALJ asked the VE whether a hypothetical person, with Plaintiff's limitations, would be able to perform any jobs in the economy.

ALJ: With a 12th grade education. Limited to one, two, three step instructions and object focused, non-public setting, with no more than occasional changes in the work setting or routine, no high-speed production work or production work that would involve quotas, direct and non-confrontational contact with co-workers and supervisors, no more than occasional contact with the public…Given these limitations could he do his past work?

VE: He could not. His—

ALJ: Other work?

VE: His job—

ALJ: Oh, I'm Sorry.

VE: His job would require much more than one, two, three step instructions.

ALJ: Okay. Other jobs?

VE: There would be other jobs a person could perform. I think he could perform jobs at the medium level. And examples would be jobs such as a packaging machine tender. Could also work as a conveyor feeder or conveyor off-bearer. I believe he could perform some jobs as a spray painter; not paint the whole object, but painting parts, work in a booth. And I think he could perform jobs such as a dishwasher. Perform many jobs as a cleaner, including an industrial cleaner. I believe these are examples of the kinds

> of medium jobs that are consistent with the limitations in the hypothetical. And in terms of numbers of these kinds of jobs, in the local labor market, which is within about a 75 mile radius of the claimant's home, there's approximately 700 of these kinds of medium jobs he could do with the limitations. In the national labor market, there's about—there's almost a million of the same kinds of jobs."

D.E. 9-3 at 54-56.

According to Plaintiff, this hypothetical was not supported by substantial evidence because it "omitted an essential restriction evident from the evaluation of Dr. Sayed Raza, Dr. Jennifer Wright and Dr. Robert Spangler." D.E. 12-1 at 9. Plaintiff argues, with citation only to Dr. Raza's 2008 evaluation, that he is "slow paced and has a fair understanding and remembering simple and one and two step instructions." *Id.* at 10. Therefore, Plaintiff asserts that the hypothetical was impermissible because it did not limit potential jobs to one and two step instructions only, which he contends would be entry level work only. *Id.* Plaintiff further asserts that the ALJ "errer [sic] as a matter of law in accepting the vocational testimony that there are jobs consistent with the Dictionary of Occupational Titles (DOT) which would allow for Mr. Halcomb to be employed." *Id.* The Commissioner responds that the ALJ was not required to include in the hypothetical limitations that were unsupported by the objective medical evidence. D.E. 13 at 10.

In posing a hypothetical question to a vocational expert, an ALJ must accurately describe Plaintiff's functional limitations. *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779. (6th Cir. 1987). However, the ALJ need only incorporate those limitations he finds to be credible. *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). Moreover, the ALJ remained bound by the previous ALJ's decision. *See Drummond v. Commissioner of Social Security*, 126 F.3d 837, 842 (6th Cir. 1997). The 2011 ALJ's residual

14

functional capacity limited the Plaintiff to one and two step instructions. *See* D.E. 9-4 at 15 ("[Plaintiff] is limited to simple, 1-2 step tasks"). Plaintiff does not specifically argue that the ALJ's hypothetical ran afoul of *Drummond*, and the Court will not craft this argument for him. Nor does Plaintiff address any changed or new evidence and its effect upon the ALJ's assumption that Plaintiff would be limited to 1, 2, and 3 step instructions. To do so would require this Court to scour the record and then step into counsel's shoes to fashion an applicable argument. This the Court will not do.

Moreover, Plaintiff's argument is theoretical only. He states "[i]f any of these jobs listed by the [VE] requires more than one and two step instructions…[Plaintiff] would not be able to complete the job." D.E. 12-1 at 10. Thus, Plaintiff asks the Court to assume the listed jobs run afoul of his claimed functional limitations, but the basis for that assumption is not sufficiently developed. No listed job that Plaintiff could not perform is identified to guide the Court's considerations.

Because this argument is not sufficiently developed, it fails.

### 3. Plaintiff's Arguments about Greater Weight to Non-Examining Reviewers is not Sufficiently Developed

Plaintiff's third argument is that "[t]he ALJ improperly failed to assign greater weight to the opinions of the examining sources than was given to non-examining reviewers." D.E. 12-1 at 10. Plaintiff states that the regulations "provide for assignment of greater weight to the medical opinion of a source who has a longitudinal treating relation." *Id.* However, this is the extent of the Plaintiff's argument. He does not allege specifically, or generally, which sources the ALJ improperly gave greater weight to or which sources the ALJ failed to give appropriate weight. *Id.*

Again, where a claimant has failed to specifically identify the alleged error, the Sixth Circuit has limited the consideration "to the particular points that [claimant] appears to raise[.]" *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006); *see also McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to…put flesh on its bones."). Moreover, the Court's Standing Scheduling Order provides that the Court "will not formulate arguments on the parties' behalf." D.E. 11 at 3. Here, Plaintiff has cited legal authority but has failed to make any effort at developed argumentation. By failing to sufficiently allege how the ALJ was deficient, this claim is waived.

### 4. Plaintiff's Claim that the ALJ Chose to Ignore the Medical Evidence is not Sufficiently Developed

Plaintiff's final argument is that the "ALJ chose to ignore the medical evidence and act as his own medical expert." D.E. 12-1 at 11. Plaintiff alleges that the ALJ was provided with "ongoing medical treatment from Dr. Sayed Raza" and an "examination from Dr. Spangler" yet chose to ignore these reports and act as his own medical expert in determining that the Plaintiff's "functional capacity would be different if the [Plaintiff] didn't have a history of alcohol abuse." *Id.* Moreover, Plaintiff asserts that his condition has not improved since cessation of alcohol consumption, that the ALJ disregarded his testimony, and that the ALJ improperly assessed treating and examining sources opinions. *Id.* Again, Plaintiff provides no citation to the record or to relevant legal authority. Moreover, in this section, Plaintiff is simply reasserting his claims previously asserted in his brief that fail for the reasons set forth above. As the Court has already considered these claims, and determined that the ALJ's decision and findings are supported by substantial evidence, this argument is moot.

## III.  CONCLUSION

Accordingly, for the reasons stated, **IT IS ORDERED** as follows:

1. The decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**;

2. Plaintiff's Motion for Summary Judgment (D.E. 12) is **DENIED**; and

3. Commissioner's Motion for Summary Judgment (D.E. 13) is **GRANTED**.

A judgment in favor of Commissioner will be entered contemporaneously herewith.

This the 29th day of July, 2015.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge